Joshua H. Lerner (SBN 220755)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1 Front Street, Suite 3500
San Francisco, California 94111
Telephone: (628) 235-1000
Facsimile: (628) 235-1001
joshua.lerner@wilmerhale.com

Ari Holtzblatt (SBN 354631)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
ari.holtzblatt@wilmerhale.com

*Attorneys for Defendant Sony Interactive Entertainment LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA BLACK, as Guardian ad Litem and on behalf of A.G., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>EPIC GAMES, INC.; MICROSOFT CORPORATION; MOJANG A.B.; SONY INTERACTIVE ENTERTAINMENT LLC; NINTENDO OF AMERICA INC.; and the FIRST DOE through ONE HUNDREDTH DOE, inclusive,<br><br>Defendants. | Case No. 3:24-cv-08064<br><br>**DEFENDANT SONY INTERACTIVE ENTERTAINMENT LLC's NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332(a), 1441(a), AND 1446(a) (DIVERSITY JURISDICTION)**<br><br>State Court Docket: Superior Court of the State of California, County of Alameda, Case No. 24CV087673<br><br>Complaint Filed: August 16, 2024 |

DEFENDANT SIE'S NOTICE OF REMOVAL AND REMOVAL OF ACTION
*Black et al., v. Epic Games, Inc., et al.*

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that, for the reasons stated below, Defendant Sony Interactive Entertainment LLC ("SIE") hereby removes the above-captioned action from the Superior Court of the State of California for the County of Alameda ("State Court"), where the above-captioned action (the "Action") was filed, to the United States District Court for the Northern District of California.

**I.   JURISDICTION IS PROPER**

On August 16, 2024, Plaintiffs Melissa Black and A.G. commenced this action in State Court by filing a Complaint entitled *Melissa Black, As Guardian Ad Litem and On Behalf of A.G. vs EPIC GAMES, INC., et al.*, Superior Court of the State of California for the County of Alameda, Case Number 24CV087673. The Complaint alleges seven causes of action: (1) strict liability; (2) negligence; (3) common law negligence; (4) false representation; (5) intentional tort (fraudulent deceit, deceit, concealment); (6) concert-of-action; and (7) punitive damages. SIE removes this Action to this Court pursuant to 28 U.S.C. §§ 1332(a) and 1441(a) because complete diversity exists between the parties and the amount in controversy exceeds $75,000. SIE reserves and does not waive all rights and defenses, including, but not limited to, the right to compel arbitration, the right to invoke the protections of California's anti-SLAPP statute, and defenses under Section 230 of the Communications Decency Act and the First Amendment. Defendants Epic Games, Inc. ("Epic"), Microsoft Corporation ("Microsoft"), Mojang A.B. ("Mojang"), and Nintendo of America Inc. ("Nintendo") consent to removal of the Action in accordance with 28 U.S.C. § 1446(b)(2)(A), as reflected in the Notice of Consent of Defendants to Removal filed concurrently with this Notice of Removal, but in doing so expressly reserve all defenses and objections.

**II.   VENUE IS PROPER AND SIE'S REMOVAL IS TIMELY**

Venue is proper in this Court because SIE is removing this Action from the Superior Court of the State of California for the County of Alameda, which lies within the Northern District of California. *See* 28 U.S.C. §§ 1441(a), 1446(a).

This Notice of Removal is timely filed because fewer than thirty days have elapsed since Plaintiff served SIE on November 7, 2024.  *See* Exhibit K, Declaration of Joshua H. Lerner ¶ 2. 28 U.S.C. § 1446(b)(2)(B).  Defendants have not otherwise responded to the Complaint in State Court.  *See, e.g.*, 28 U.S.C. § 1446(b) (notice of removal must be filed within thirty days of defendants being served); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354–56 (1999) (thirty-day removal period beings to run upon service of summons and complaint). SIE is serving a written notice attaching a copy of this Notice of Removal on Plaintiffs' counsel, and filed with the Clerk of the Superior Court of the State of California for the County of Alameda.  *See* 28 U.S.C. § 1446(d).

True and correct copies of all process, pleadings, and orders filed in the State Court Action are attached hereto, as required by 28 U.S.C. § 1446(a):

- EXHIBIT A: A true and correct copy of the State Court docket sheet.
- EXHIBIT B: A true and correct copy of the Complaint.
- EXHIBIT C: A true and correct copy of the State Court Civil Cover Sheet.
- EXHIBIT D: A true and correct copy of the State Court Notice to Plaintiff of Case Management Conference.
- EXHIBIT E: A true and correct copy of the State Court Initial Case Management Order.
- EXHIBIT F: A true and correct copy of the State Court Minute Order regarding Complex Determination Hearing.
- EXHIBIT G: A true and correct copy of the State Court Order Appointing Guardian ad Litem.
- EXHIBIT H: A true and correct copy of the State Court Order regarding Complex Determination Hearing.
- EXHIBIT I: A true and correct copy of the State Court Summons.
- EXHIBIT J: A true and correct copy of the Notice of Filing Notice of Removal to Clerk of the Superior Court of the State of California for the County of Alameda.

### III. REMOVAL IS APPROPRIATE

Removal is proper under 28 U.S.C. §§ 1332(a) and 1441(a) because the matter is between citizens of different states and the amount in controversy exceeds the sum of $75,000.

**Citizenship of Parties**. The parties in this case are two individuals and five corporations.[1] The Complaint contends that "there is incomplete diversity of citizenship due to the presence of one or more California defendants" and so "[r]emoval would be and is improper." *Id.* ¶ 116. This is incorrect—there is complete diversity of citizenship.

According to the Complaint, Plaintiff Melissa Black is a citizen of California, Compl. ¶ 91, and Plaintiff A.G. is a citizen of California, *id.* And Plaintiff concedes that four of the five defendants—Epic, Microsoft, Mojang, and Nintendo—are not citizens of California (where Plaintiffs are citizens) by virtue of their states of incorporation and principal places of business. *See id.* ¶ 75 (Epic is a Maryland corporation with a principal place of business in North Carolina); *id.* ¶ 77 (Microsoft is a Washington corporation with a principal place of business in Washington); *id.* ¶ 81 (Mojang is a Swedish company with a principal place of business in Stockholm, Sweden); *id.* ¶ 88 (Nintendo is a Washington corporation with a principal place of business in Washington).

SIE—the only defendant allegedly a citizen of California—is not a citizen of California. *See, e.g.*, *Morse v. G4S Secure Sols. (USA), Inc.*, 2021 WL 1625160, at *2 (S.D. Cal. Apr. 27, 2021) (finding SIE is a New York, not California, citizen and denying motion to remand). Plaintiff alleges that SIE is a citizen of California by virtue of the location of its principal place of business. *Id.* ¶ 85. But SIE is a limited liability company and it is well-settled law that for purposes of diversity jurisdiction, a limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also 3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018). SIE's sole member is Sony Corporation of America, a corporation incorporated and with its principal place of business in New York. *See* Exhibit L, Declaration of Ethan Aronson ¶ 3; Exhibit K,

---

[1] Plaintiff also names Doe defendants in the Complaint, but "the citizenship of defendants sued under fictitious names shall be disregarded" for purposes of removal. 28 U.S.C. § 1441(b)(1).

1  Declaration of Joshua H. Lerner ¶ 3, Exhibit 1; *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010)
2  (corporation's principal place of business is its "nerve center," usually its headquarters).
3  Therefore, Sony Corporation of America is a citizen of New York.  *See* 28 U.S.C. § 1332(c)(1)
4  ("[A] corporation shall be deemed to be a citizen of every State … by which it has been
5  incorporated and of the State … where it has its principal place of business …..").  And because
6  its sole member, Sony Corporation of America, is a citizen of New York, Defendant SIE also is a
7  citizen of New York, not California.

Because none of the defendants are citizens of California, there is complete diversity of citizenship and removal is proper.  *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) ("complete diversity" exists where no plaintiff is a citizen of the same state as any defendant to the case).

**Amount in Controversy**.  The amount in controversy, which is an estimate of the total amount in dispute rather than a prospective assessment of Defendants' liability, *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010), easily exceeds $75,000.  Here, Plaintiff seeks injuries and damages that exceed the sum or value of $75,000.  Compl. ¶ 113.  The amount in controversy thus exceeds the jurisdictional amount of $75,000.

**Inapplicability of the "Local Defendant" Exception**.  Under 28 U.S.C. § 1441(b)(2), "a civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as a defendant is a citizen of the State in which such action is brought."  But this "local defendant" exception under Section 1441(b)(2) is no obstacle to removal in this case, because none of the defendants are citizens of California.  As explained above, Plaintiff concedes that four defendants are not citizens of California, and while Plaintiff alleges that SIE is a citizen of California, SIE is a citizen of New York.  *See supra* pp.3-4.

### IV.  ADOPTION AND RESERVATION OF DEFENSES

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of SIE's rights to assert any jurisdictional objection, defense, or affirmative matter under California law, Rule 12 of the Federal Rules of Civil Procedure, any state or federal statute, or

otherwise.  In consenting to removal, SIE, Epic, Microsoft, Mojang, and Nintendo do not waive and expressly reserve all defenses and objections.

## V. CONCLUSION

For the reasons stated above, SIE hereby removes the above-entitled case pending in the Superior Court of the State of California for the County of Alameda and requests that further proceedings be conducted in the Northern District of California, as provided by law.

In the event that the Court considers remand *sua sponte*, SIE respectfully requests the opportunity to submit additional argument or evidence in support of removal as may be necessary and that all deadlines in the case be stayed while briefing on removal takes place.  *See Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1069 (9th Cir. 2021) ("The district court erred as a matter of law in requiring that the notice of removal 'prove' subject matter jurisdiction instead of containing plausible allegations of the jurisdictional elements."); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924 (9th Cir. 2019) ("[W]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied.").

| | |
|---|---|
| Dated: November 18, 2024 | Respectfully submitted, |
| | */s/ Joshua H. Lerner* |
| | Joshua H. Lerner (SBN 220755) |
| | Wilmer Cutler Pickering |
| |  Hale and Dorr LLP |
| | 1 Front Street, Suite 3500 |
| | San Francisco, California 94111 |
| | Telephone: (628) 235-1000 |
| | Facsimile: (628) 235-1001 |
| | joshua.lerner@wilmerhale.com |
| | |
| | Ari Holtzblatt (SBN 354631) |
| | Wilmer Cutler Pickering |
| |  Hale and Dorr LLP |
| | 2100 Pennsylvania Avenue NW |
| | Washington, DC 20037 |
| | Telephone: (202) 663-6000 |
| | Facsimile: (202) 663-6363 |
| | ari.holtzblatt@wilmerhale.com |
| | |
| | *Attorneys for Defendant Sony Interactive Entertainment LLC* |